UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN WARREN,

                           Petitioner,

          -against-

THOMAS POOLE, Superintendent,

                          Respondent.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

07 Civ. 10416 (CS) (GAY)

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

      Petitioner Steven Warren ("petitioner"), proceeding *pro se*, has filed a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I

respectfully recommend that the Court deny the petition in its entirety.

## I.  BACKGROUND

      Petitioner's conviction stems from the mortal shooting of Vincent Vallone while

he, his brother, and perhaps a third person, robbed a jewelry store on February 21,

1996 in Mount Vernon in Westchester County, New York.  On September 5, 2000, in

Supreme Court, Westchester County (West, J. presiding), a jury convicted petitioner of

murder in the second degree, two counts of attempted robbery in the first degree,

criminal possession of a weapon in the second degree, and criminal possession of a

weapon in the third degree.  On January 10, 2001, the court sentenced petitioner to a

term of imprisonment of twenty (20) years to life, to be served concurrently with three terms of imprisonment of seven and a half (7½) to fifteen (15) years and one term of imprisonment of three and a half (3½) to seven (7) years.

Petitioner, by and through counsel, timely appealed the judgment of conviction and sentence to the Appellate Division, Second Department ("Appellate Division") on the grounds that: (1) the testimony and admission into evidence of the gun used in the commission of the crime should have been stricken; and (2) material supplied to the defense under the guise of "Rosario[1] Material" was actually "Brady[2] Material," and because of the time and manner in which it was given to the defense, the prosecution violated petitioner's right to due process in presenting a defense.  Resp.'s Memo. of Law, Ex. 5 (Brief of Defendant-Appellant at 4, ¶ 2, People v. Warren, No. 2001-01682 (N.Y. App. Div. June 27, 2002)) [hereinafter "Appellant's Brief"].  The Appellate Division affirmed petitioner's conviction and sentence.  People v. Warren, 758 N.Y.S.2d 127, 128 (App. Div. 2003).  The Court of Appeals of the State of New York denied petitioner's request for further review on September 25, 2003.  People v. Garcia, 799 N.E.2d 632 (N.Y. 2003).

Petitioner filed the instant Petition for a Writ of Habeas Corpus on or between June 11, 2007 and June 14, 2007.[3]  Petitioner states that he is entitled to habeas relief

---

[1] Rosario v. Kuhlman, 839 F.2d 918 (2d Cir. 1988).

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Petitioner executed his petition on June 11, 2007.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 12 [hereinafter "Pet."].  Said petition was filed in the United States District Court for the Western District of New York on June 14, 2007.  See Order at 1, Warren v. Poole, No. 07 Civ. 10416 (S.D.N.Y.

on the grounds that: (1) the prosecution presented insufficient evidence; (2) the murder

weapon should have been suppressed during a trial court evidentiary hearing and

inadmissible at trial because it was highly prejudicial; (3) the prosecution failed to timely

turn over exculpatory evidence pursuant to Brady; (4) his confession should have been

inadmissible because the prosecution failed to prove that he actually confessed; (5) the

prosecution failed to produce an eye witness; (6) he had ineffective assistance of

counsel; and (7) the testimony of Shawn McGee, a witness for the prosecution, was not

credible.  Pet. at 7-9.

On November 19, 2007, then Chief Judge Kimba M. Wood ordered petitioner to

submit an affirmation "detailing why [his] petition should not be barred by the statute of

limitations."  Order at 1, Warren v. Poole, No. 07 Civ. 10416 (S.D.N.Y. Nov. 19, 2007).

Petitioner timely responded, claiming that he was entitled to equitable tolling of the

statute of limitations because: (1) there were no law libraries in the North Carolina

Department of Corrections ("DOC"), where he was incarcerated for unrelated charges

from March 24, 1997 to February 21, 2006; (2) the North Carolina Prisoner Legal

Services was unable to assist him with any matters pertaining to laws of other states;

(3) his attorney failed to give him a copy of his trial transcript; and (4) neither the court

nor his state trial attorney told him that his "state remedies had in fact been exhausted"

---

Nov. 19, 2007).  However, the Second Circuit considers a *pro se* petitioner's habeas
petition filed on the date it was handed to prison officials for forwarding to the clerk of
the court.  Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (citations omitted).  Here, it is
unclear when petitioner gave his petition to prison officials for mailing.  For the purposes
of addressing petitioner's timeliness below, the undersigned will assume, *arguendo*, that
petitioner handed the petition to prison officials on the same day he executed said
petition: June 11, 2007.

until he arrived at the New York State DOC.  On May 9, 2008, United States Magistrate

Judge Debra Freeman concluded that the present "petition should not be summarily

dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts."[4]  Order at 1, Warren v. Poole, No 07. Civ. 10416 (S.D.N.Y. May 9,

2008) (Docket #5).

## II.  STATUTE OF LIMITATION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

a petitioner must file a writ of habeas corpus within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1).

Said period of limitation will be statutorily tolled during the pendency of "a

properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim."  Id. § 2244(d)(2).  Additionally, in "'rare and

---

[4] Rule 4 requires a judge in the district court to dismiss a habeas petition if "it
plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court."

exceptional circumstances,'" a petitioner may be entitled to equitable tolling of the AEDPA limitation period.  <u>Belot v. Burge</u>, 490 F.3d 201, 205 (2d Cir. 2007) (quoting <u>Doe v. Menefee</u>, 391 F.3d 147, 159 (2d Cir. 2004)).  In order to equitably toll said limitation period, petitioner must show that (1) "'extraordinary circumstances prevented him from filing his petition on time'" and (2) he "'must have acted with reasonable diligence [to pursue his petition] throughout the period he seeks to toll.'"  <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000)) (clarification added).

To show that extraordinary circumstances "prevented" petitioner from filing his petition on time, he must "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'"  <u>Id.</u> (quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)).  Petitioner cannot demonstrate said causal relationship if he, "'acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'"  <u>Id.</u> (quoting <u>Valverde</u>, 224 F.3d at 134).  Moreover, if petitioner "is unable to establish that he diligently attempted to file his petition, the extraordinary circumstances on which his tolling claim is based cannot be said to have caused the lateness of his petition."  <u>Doe</u>, 391 F.3d at 175 (quoting <u>Hizbullahankhamon</u>, 255 F.3d at 75).

## III. DISCUSSION

Here, petitioner's judgment became final on December 24, 2003, ninety (90) days after the Court of Appeals denied his application for leave to appeal, the expiration date by which petitioner could petition for *certiorari* to the Supreme Court of the United States.  <u>See</u> <u>Williams v. Artuz</u>, 237 F.3d 147, 150-51 (2d Cir. 2001).  Thus, petitioner's

5

habeas petition became time-barred under the AEDPA as of December 24, 2004,
unless the limitation period was tolled by equitable considerations.  For the reasons set
forth below, petitioner fails to demonstrate that equitable tolling of the one-year limitation
is warranted.

A.  Extraordinary Circumstances

Three out of four of petitioner's claims regarding his untimely filing of the habeas
petition do not amount to extraordinary circumstances warranting equitable tolling of the
statute of limitations.  Although petitioner asserts that he experienced extraordinary
circumstances when the North Carolina Prisoner Legal Services was unable to assist
him with any matters pertaining to laws of other states, petitioner has no constitutional
right to counsel in habeas proceedings.  Love v. McCray, 413 F.3d 192, 194 n.1 (2d Cir.
2005) (citing Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987)).  Accordingly, a lack
of, or insufficient, legal assistance is not an extraordinary circumstance which tolls the
AEDPA's statute of limitations.  Romero v. Ercole[5], No. 08 Civ. 4983, 2009 WL
1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (citations omitted) (regarding lack of legal
assistance); Stokes v. Miller, 216 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) (regarding
insufficient legal assistance).

Additionally, petitioner has no constitutional right to his trial transcripts for
collateral appeals.  Crawford v. Costello, 27 F. App'x 57, 59 (2d Cir. 2001) (citation
omitted).  Moreover, petitioner's lack of access to his trial transcripts is not a barrier to
filing a habeas petition.  Id. (citation omitted).  Accordingly, petitioner did not

---

[5] The Court has attached a copy of this and any other unreported decisions
herein for *pro se* plaintiff's access.

demonstrate that he suffered an extraordinary circumstance with regard to the trial transcripts to warrant equitable tolling.  Id.

Next, petitioner's claim that he did not know that his "state remedies had in fact been exhausted" until he arrived at the New York State DOC is without merit.  Petitioner admits that he learned of the Appellate Division's decision while he was in the North Carolina DOC.  Pet. ¶ 21.  By a letter dated November 29, 2003, more than two years *prior* to arriving in the New York State DOC, petitioner admitted to the New York State Bar Association (NYSBA) that he knew the Court of Appeals denied his state appeal.  Petitioner's Affirmation at Addendum, Warren v. Poole, No. 07 Civ. 10416 (S.D.N.Y. Dec. 20, 2007) (Letter from Steven Warren to NYSBA (Nov. 29, 2003)).  In said letter, petitioner was aware that he was "constrained to a time limitation" pursuant to the AEDPA.  Id.  Moreover,  petitioner's lack of knowledge regarding the law and procedure of his appeals and collateral appeals is not a basis for equitably tolling the statute of limitations.  Romero, 2009 WL 1181260, at *5 (providing citations to numerous cases regarding "lack of knowledge").

As to petitioner's fourth claim regarding lack of access to a law library during his incarceration at the North Carolina DOC, the Second Circuit has not yet ruled on whether said circumstance "could constitute an extraordinary circumstance warranting equitable tolling of the one-year limitations period."  See Hizbullahankhamon, 255 F.3d at 75.

B.  Diligence

If petitioner did in fact suffer an extraordinary circumstance when he did not have access to a law library, the Court must also determine whether he "act[ed] as diligently

7

as reasonably could have been expected *under the circumstance*."  Baldayaque v. U.S., 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in the original).  Here, the Court concludes that petitioner did not act with reasonable diligence.  Petitioner allegedly did not have access to a law library while incarcerated in the North Carolina DOC from March 24, 1997 to February 21, 2006.  Nevertheless, petitioner stayed abreast of his state appeals and was conscience of the AEDPA statute of limitations on November 29, 2003.  He specifically mentioned the AEDPA statute of limitations in the letters to his attorney and the NYSBA on said date.  Petitioner's Affirmation at Addenda, Warren v. Poole, No. 07 Civ. 10416 (S.D.N.Y. Dec. 20, 2007) (various letters between petitioner and his attorney, Thomas H. McKenna, and petitioner's letter to the NYSBA).  Petitioner made no further attempt to file a federal habeas petition until June 11, 2007.  Said date is one year and 111 days after petitioner left the North Carolina DOC on February 21, 2006, and almost two and a half years after the AEDPA limitations period expired.

Assuming *arguendo* that the period of time when petitioner had no access to a law library warranted equitable tolling, said tolling "does not reset the clock on a statutory limitations period; it is a doctrine that provides a plaintiff with some additional time beyond a limitations period."  Rashid v. Mukasey, 533 F.3d 127, 131 (2d Cir. 2008).  Thus, once the extraordinary circumstance occurs, the limitations period is tolled for a time "equal to the length of time between (i) the date on which filing ordinarily would have been required under the applicable limitations period and (ii) the earliest date after the [extraordinary circumstance] by which . . . petitioner, acting with reasonable diligence, should have filed his or her petition."  Valverde, 224 F.3d at 134.

Accordingly, petitioner must act with reasonable diligence throughout the period he seeks to toll and the time thereafter through filing.  Id. at 134 n.5 (citation omitted).

Here, petitioner offers no explanation regarding his delay and lack of diligence in filing his habeas petition once in the New York State DOC.  His lack of access to a law library was no longer an issue.  In other words, petitioner cannot show that his lack of access to a law library in North Carolina *prevented* him from filing a timely habeas petition thereafter.  See Hizbullahankhamon, 255 F.3d at 76.  Accordingly, petitioner failed to diligently pursue his rights once the putative extraordinary circumstances were removed.  See Adkins v. Warden, No. 08 Civ. 6098, 2009 WL 4281490, at *2 (2d Cir. Dec. 2, 2009); Belot, 490 F.3d at 204-05 (affirming the district court's conclusion that a habeas petition was untimely where the petitioner knew that he had a time limitation for filing said petition and, therefore, "should not have waited so long to work on [it]").

## IV.  CONCLUSION

For the foregoing, I conclude that the petitioner's habeas petition is untimely and he failed to establish his entitlement to an equitable tolling of the statute of limitations.  Accordingly, I respectfully recommend that the instant petition for a writ of habeas corpus should be dismissed.

## V.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have

9

seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated:        April ___, 2010
              White Plains, New York

                                        Respectfully submitted,

                                        GEORGE A. YANTHIS
                                        UNITED STATES MAGISTRATE JUDGE