UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEVEN WARREN,

                                   Petitioner,

- against -

THOMAS POOLE, Superintendent,

                                   Respondent.
------------------------------------------------------------------x

07-CV-10416 (CS)

**DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Appearances:

Steven Warren
Romulus, New York
*Pro se Plaintiff*

John Sergi
Anthony J. Servino
Office of the Westchester County District Attorney
White Plains, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court are *pro se* Petitioner Steven Warren's Objections, dated April 30, 2010 (Doc. 15), to the Report and Recommendation ("R&R") of United States Magistrate Judge George A. Yanthis, dated April 9, 2010, (Doc. 13), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Nov. 19, 2007 docket entry). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.     Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report

-1-

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.   Petitioner's Objections

Petitioner makes essentially two objections, each of which I review *de novo*. First he argues, in substance, that the Magistrate Judge overlooked the fact that Petitioner could not reasonably be regarded as an individual in New York State custody during the time he was serving an unrelated sentence in North Carolina. If he means to suggest that he cannot have been expected to file his petition attacking the New York conviction during that time, *Peyton v. Rowe*, 391 U.S. 54, 55 (1968) (district court may entertain habeas corpus petition from incarcerated prisoner under consecutive sentences who claims that sentence he is scheduled to serve in future is invalid because of a constitutional violation), and *Dodd v. U.S. Marshal*, 439 F.2d 774, 775 (2d Cir. 1971) (*Peyton* extended to cover prisoner serving sentence in one state who wishes to challenge sentence to be next served in another state that has filed detainer with first state), foreclose that argument. Moreover, Judge Yanthis correctly found that even if Petitioner is "credited" with all of the time he spent in North Carolina custody, he still did not act diligently because he did not file the instant petition until 476 days after he was returned to New York custody.

Petitioner next argues that, contrary to the Magistrate Judge's finding that Petitioner was in New York custody starting in February 2006, he was in a county jail until March 8, 2006, and then was in "in transit" status from March until May 2006. He does not claim that he lacked access to a law library during this time, but assuming that to be the case, he still did not file the instant petition until over a year later. While I recognize that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010), waiting a year after his return to general confinement in New York to file is not sufficiently diligent for purposes of equitable tolling for a prisoner who had been aware of the one-year limitations period of the AEDPA for years. *Compare id.* (petitioner prepared and filed petition on very day he learned attorney had allowed AEDPA clock to expire).

The remainder of Petitioner's arguments are conclusory or general, or merely reiterate arguments made to the Magistrate Judge. Under the clearly-erroneous standard—and, indeed, even under the *de novo* standard—they do not warrant relief.

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1016–17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir. 1997). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 5, 2010
      White Plains, New York

                                        _____
                                        CATHY SEIBEL, U.S.D.J.